JUDGMENT

PER CURIAM.
This case was considered on the record from the National Transportation Safety Board and on the briefs of the parties pursuant to D.C. Circuit Rule 34(j). It is
ORDERED AND ADJUDGED that the petition is denied.
*590 This case arises out of U.S. Airways Express Flight 4803 on April 18, 2008 from New York LaGuardia to Ithaca. Federal Aviation Administration (FAA) regulations require that before each flight the captain must sign a load manifest showing that the flight is safely within weight guidelines. In this case, the pilot, petitioner here, admits that he signed the load manifest for Flight 4803. On its face, the load manifest shows inaccuracies (the number of passengers listed in each section does not equal the number of passengers listed in the “total” box) and alterations (the Runway & Climb Limit Rate was crossed out and replaced). As a result, the FAA revoked petitioner’s license in an emergency proceeding.
Petitioner then had an administrative hearing at which his first officer testified that petitioner knew the plane was overweight and suggested altering the manifest to avoid having to deplane a passenger. The manifest was indeed altered and the flight completed with all passengers on board. The ALJ credited the first officer’s testimony and approved the FAA’s action. Petitioner appealed to the National Transportation Safety Board, presenting the same arguments he presents to this court, and the Board upheld the ALJ.
In this court, petitioner presents essentially three arguments: there was insufficient evidence to sustain the charge of intentional falsification of records, his affirmative defense of reasonable reliance should have been credited by the Board, and the copy of the load manifest was inappropriately admitted to evidence. On the first issue, the Board concluded that the evidence was sufficient to sustain the charge of intentional falsification because the petitioner (1) made a false representation (2) in reference to a material fact (3) with knowledge of the falsity of the fact. See Hart v. McLucas, 535 F.2d 516, 519 (9th Cir.1976). The correct standard of review is whether the agency’s decision finds support in the record as a whole. E.g., Chritton v. Nat’l Trans. Safety Bd., 888 F.2d 854, 856 (D.C.Cir.1989) (upholding the Board’s suspension of petitioner’s license while explaining that the agency is to be upheld even if a “plausible alternative interpretation” of the facts is present so long as there exists enough “relevant evidence as a reasonable mind might accept as adequate to support a conclusion”) (internal quotations omitted). In his brief, petitioner emphasizes inconsistencies in the first officer’s testimony including the date of the flight and who ultimately filled out the load manifest and offers motives for the first officer’s alleged dishonesty. The Board, however, rejected these minor inconsistencies and credibility challenges as insufficient to disturb the long-standing practice of deferring to the credibility determinations of the trier of fact. Our own review of the record also presents no reason to disturb the ALJ’s credibility findings.
Petitioner’s second argument, regarding the affirmative defense, was also considered and properly rejected by both the ALJ and the Board. Given the facts as found by the ALJ, there was no paperwork or other person on which petitioner could have relied in making his impromptu changes to the load manifest that would support a defense of reasonable reliance.
Petitioner’s third argument, regarding the admissibility of the copy of the load manifest, was also considered and properly rejected by both the ALJ and the Board. Agency proceedings are not governed by the Federal Rules of Evidence, and even under those rules, a copy is generally as admissible as the original, see Fed.R.Evid. 1003.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of *591 the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C. Cir. R. 41.